Filed 10/1/25  P. v. Bradford CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRACY BRADFORD,<br><br>    Defendant and Appellant. | B339252<br><br>(Los Angeles County Super. Ct. No. TA158028) |

APPEAL from an order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted defendant and appellant Tracy Bradford (defendant) of sale of a controlled substance (Health & Saf. Code, § 11352(a)) and two counts of possession for sale of cocaine base (Health & Saf. Code, § 11351.5). The trial court found true two alleged prior "strike" crimes and several aggravating factors and, after striking one of the strikes, sentenced defendant to 12 years in prison. Defendant appealed the judgment, and this court appointed counsel to represent him. After examining the record, defendant's attorney on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that raises no issues and asks us to independently review the record.

We invited defendant to personally submit a supplemental brief, and he filed a four-page letter attaching dozens of pages of documents. These include what appear to be records associated with an administrative forfeiture proceeding, bank records, and pages of the reporter's transcript from defendant's trial with handwritten annotations in the margins (mostly disputing the truth of witness testimony).[1] In the paragraphs that follow, we summarize the facts and briefly explain why the contentions presented in defendant's letter lack merit.

In August 2022, several Los Angeles Police Department (LAPD) officers staked out a van parked in a "problem location" for narcotics activity. They observed people lining up outside the van and appearing to engage in transactions with someone inside the van. The officers then moved in and detained defendant, who was inside the van and held title to the van. The officers found cocaine in a bag defendant was holding and in a bag beneath a

---

[1] The administrative forfeiture document and bank records were not admitted in evidence at trial.

sink in the van. The officers found nothing that could be used to ingest the cocaine. Defendant had $3,669 in his pockets.

Later in January 2023, some of the same LAPD officers observed defendant in the same van at the same location. Defendant had brief interactions with several people who approached the van. When officers walked toward the van, defendant emptied a bag containing an off-white substance, smashed it with his hand on a counter, and then swept it to the floor and stepped on it. Officers found about $479 on defendant and in the van.

LAPD criminalist Emily Pham testified that samples of the material collected during both incidents contained cocaine base.

At trial on the cocaine sale and possession for sale charges, defendant called a witness, Jerome Jones (Jones), who testified that one of the officers involved in both of defendant's arrests—and who testified at trial—falsely accused him of selling cocaine in 2015. Jones testified he pled guilty in that case because his mother was elderly, he could not afford to go to prison, and his attorney advised him a trial would come down to his word against that of law enforcement witnesses. The prosecution presented rebuttal testimony from the officer in question, who explained he arrested Jones in October 2015 after witnessing him sell drugs in July 2015.

In his supplemental brief, defendant asserts there is insufficient evidence to support his convictions and claims police planted cocaine on him and he lawfully obtained the money he had when he was arrested. He highlights the lack of video or photographic evidence at trial depicting him selling drugs and the absence of testimony from non-law enforcement witnesses. Defendant's contentions are unavailing. The jury was entitled to

(and obviously did) credit the officers' testimony and the testimony of even a single witness is sufficient to uphold the judgment under the applicable standard of review. (Evid. Code, § 411; *People v. Barnwell* (2007) 41 Cal.4th 1038, 1052; *People v. Jones* (2013) 57 Cal.4th 899, 963-964.)

Having considered defendant's supplemental brief and conducted our own examination of the record, we are satisfied defendant's appellate attorney has complied with her responsibilities and no arguable issue exists.[2] (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *Wende, supra,* 25 Cal.3d at 441.)

---

[2]     Our review of the record does reveal a possible error in calculating defendant's sentencing credits. The record reflects defendant spent two days in jail after his August 2022 arrest and an additional 474 days in jail between his January 2, 2023, arrest and sentencing on April 19, 2024. Adding the two periods of custody results in 476 days of actual credit, but the trial court awarded defendant only 350 days of actual credit. In the absence of other arguable issues (and there are none), the issue of whether defendant's credits require correction is appropriately addressed in the trial court. (Pen. Code, § 1237.1.)

4

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


HOFFSTADT, P. J.


KIM (D.), J.